1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8    JUAN LUNA,                          )
9                                        )
                     Plaintiff,          )
10                                       )              3:11-cv-00264-RCJ-WGC
         vs.                             )
11                                       )
     SUMMIT COLLECTION SERVICES,         )                    **ORDER**
12                                       )
                     Defendant.          )
13   _____ )

14          This case arises out of alleged harassment over a non-existent debt.  Pending before the

15   Court is a Motion to Dismiss (ECF No. 12).  For the reasons given herein, the Court grants the

16   motion.

17   **I.      FACTS AND PROCEDURAL HISTORY**

18          Plaintiff Juan Luna was named as a defendant in a state civil action arising out of a

19   battery committed by a minor in his care. (*See* Compl. ¶¶ 1–10 in Second Judicial District Court

20   Case No. CV05 01228, ECF No. 12, at 6).  Defendant Summit Collection Services ("Summit")

21   admits that the state court plaintiff never served Luna with the summons and complaint,

22   (*see* Mot. Dismiss 1:23–24, Mar. 31, 2011, ECF No. 12), and that the judgment entered in the

23   case therefore did include him, (*see* J. in Second Judicial District Court Case No. CV05 01228,

24   ECF No. 16-1, at 7).  Nevertheless, Summit attempted to collect the judgment from Luna. (*See*

25   Compl. ¶ 7, Feb. 8, 2011, ECF No. 1).

1    Implicitly invoking federal question and supplemental jurisdiction, (*see id.* ¶ 2), Luna

2    sued Summit in this Court for violation of the Fair Debt Collection Practices Act ("FDCPA")

3    and invasion of privacy under state law.  Summit has moved to dismiss.

4    **II.   LEGAL STANDARDS**

5    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

6    claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

7    what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

8    (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

9    that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

10   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

11   F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

12   failure to state a claim, dismissal is appropriate only when the complaint does not give the

13   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

14   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

15   sufficient to state a claim, the court will take all material allegations as true and construe them in

16   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

17   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

18   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

19   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

20   with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

21   is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

22   550 U.S. at 555).

23   "Generally, a district court may not consider any material beyond the pleadings in ruling

24   on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

25   complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

& Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

Summit argues that FDCPA does not apply because the supposed obligation it attempted to collect—a civil judgment—is not a "debt" under the statute.  Luna responds that although Summit's argument might have merit if there were in fact such a judgment to collect, because Summit attempted to collect a "phantom" debt, the debt's nature is irrelevant to whether FDCPA applies.  Neither party provides case law directly supporting their respective positions.  Summit relies on a case that notes the broad and uncontroversial proposition that the text and design of FDCPA control its application. *See Schoyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999).

Luna responds that Summit's interpretation of the statute is poor.  Luna argues that because the purpose of the FDCPA is to prevent the kind of harassment allegedly at issue here, it should be read to include debts of any nature if the debt is "contrived."  Luna relies on cases that stand for the broad proposition that FDCPA prohibits certain abusive attempts to collect a debt regardless of whether the debt is valid. *See Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982).

1    The cases Luna cites are not relevant to the precise issue before the Court, however.

2  First, *Heintz* concerned whether a lawyer regularly engaged in debt-collection on behalf of a

3  client was a "debt collector" under the act. 514 U.S. at 292.  The answer is "yes," *see id.*, and

4  that answer is irrelevant to the present motion.  Next, *McCartney* and *Baker* concerned whether

5  the application of FDCPA depended on the validity of the supposed obligation. *McCartney*, 970

6  F.2d at 46; *Baker*, 677 F.2d at 777.  The answer is "no."  These cases support Luna's position

7  that his FDCPA claim does not fail merely because the alleged obligation was invalid.[1]

8  However, Summit does not base its motion on this point.  Summit does not deny that the alleged

9  obligation it attempted to collect was invalid, but rather that it was not a "debt" because the

10  statute includes only certain kinds of obligations and alleged obligations under its definition of

11  "debt," and that the alleged obligation it attempted to enforce in this case does not fall within

12  that definition.  From the rule that an obligation need not be valid to constitute a "debt," Luna

13  concludes that any invalid obligation is necessarily a "debt."  This conclusion simply does not

14  follow.  Just because an alleged obligation need not be valid to constitute a "debt" under FDCPA

15  does not mean that all invalid alleged obligations constitute "debts" under FDCPA.  There may

16  be other requirements as to what constitutes a "debt."

17    There is indeed an additional requirement to the definition of "debt" that is dispositive in

18  this case.  The statute defines "debt" as "any obligation or alleged obligation of a consumer to

19  pay money arising out of a transaction in which the money, property, insurance, or services

20  which are the subject of the transaction are primarily for personal, family, or household

21  purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

22

23    [1]Incidentally, the argument made by the debt collector in *McCartney* was that FDCPA
did not apply because the plaintiff could not prove that the debt was *invalid*. *See* 970 F.2d at 47.

24  It was already assumed that an abusive attempt to collect an invalid debt was actionable.  The
only question was whether an abusive attempt to collect a valid debt is also actionable.  It is,

25  because "'debt' is defined as 'any obligation or alleged obligation of the consumer to pay
money.'" *Id.* (quoting 15 U.S.C. § 1692a(5)).

There is no dispute that the "any obligation or alleged obligation" language makes the validity of the underlying debt irrelevant. Summit argues that because a civil judgment (or, as in this case, an alleged civil judgment) does not "aris[e] out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes," it is not a "debt" under FDCPA. The Court agrees. The Ninth Circuit has expressly rejected that a civil judgment constitutes a "debt" under FDCPA. *See Turner v. Cook*, 362 F.3d 1219, 1226–28 (9th Cir.) (holding that even where a civil tort judgment arises out of business-related conduct, it does not qualify as a "debt" under § 1692a(5)), *cert. denied*, 543 U.S. 987 (2004). Because the validity of the alleged judgment debt is irrelevant, *Baker*, 677 F.2d at 777, the alleged judgment debt here is not a "debt" under the statute. The Court will therefore dismiss the FDCPA claim.

With the FDCPA claim dismissed, the only claim remaining is for invasion of privacy under state law. But Plaintiff does not invoke diversity jurisdiction or plead facts indicating it is appropriate. The Court will therefore decline jurisdiction over the state law claim.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 12) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 13th day of October, 2011.

_____
ROBERT C. JONES
United States District Judge